IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAMS & BOYLE, P.C., on behalf of itself and its patients; WESLEY F. ADAMS, JR., M.D., on behalf of himself and his patients; and MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself and its patients, <br><br>      Plaintiffs, <br><br> v. <br><br> HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; JOHN DREYZEHNER, M.D., Commissioner of the Tennessee Department of Health, in his official capacity; MICHAEL D. ZANOLLI, M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; GLENN R. FUNK, District Attorney General of Nashville, in his official capacity; AMY WEIRICH, District Attorney General of Shelby County, in her official capacity; and BARRY P. STAUBUS, District Attorney General of Sullivan County, in his official capacity; <br><br>      Defendants. | CIVIL ACTION <br><br> CASE NO. 3:15-cv-00705 <br><br> JUDGE SHARP <br> MAGISTRATE JUDGE <br> KNOWLES |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the parties submit this Proposed Initial Case Management Order.

A. JURISDICTION: This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4). Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, and by Rules 57 and 65 of the

Federal Rules of Civil Procedure. To the extent that Plaintiffs demonstrate standing, Defendants do not dispute jurisdiction. However Defendants contend that Plaintiffs lack standing to challenge any of the state statutory requirements with which they are currently compliant or can become complaint.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFFS: This is an action for declaratory and injunctive relief brought under the United States Constitution and 42 U.S.C. § 1983, to challenge the constitutionality the "ASTC Requirement," which requires doctor's offices that perform abortions to become licensed as costly ambulatory surgical treatment centers ("ASTCs"), 2015 Tenn. Pub. Acts Chapter 419 (to be codified at Tenn. Code Ann. § 68-11-201); the "Admitting-Privileges Requirement," which requires doctors who perform abortions in doctor's offices to have hospital admitting privileges, 2012 Tenn. Pub. Acts Chapter 1008 (originally codified at Tenn. Code Ann. § 39-15-202(h); to be recodified at Tenn. Code Ann. § 39-15-202(j)); and the "Delay Requirement," which requires an abortion patient to attend an in-person meeting with a doctor to receive information that could be provided by phone and then delay her abortion for 48 hours after the meeting, 2015 Tenn. Pub. Acts Chapter 473, § 1(a)-(h) (to be codified at Tenn. Code Ann. § 39-15-202(a)-(h).

The ASTC, Admitting-Privileges, and Delay Requirements will deprive Plaintiffs and Plaintiffs' patients of their constitutional rights in five ways: (1) The ASTC, Admitting-Privileges, and Delay Requirements—individually, collectively, and in conjunction with burdens imposed by other provision of Tennessee law—impose an undue burden on access to pre-viability abortion in Tennessee in violation of the Due Process Clause of the Fourteenth Amendment; (2) The ASTC, Admitting-Privileges, and Delay Requirements each denies equal

protection of the laws to Plaintiffs and their patients in violation of the Equal Protection Clause of the Fourteenth Amendment; (3) As applied to the Bristol and Nashville Clinics, the ASTC Requirement denies Plaintiffs Adams & Boyle, P.C., and Wesley F. Adams, Jr., M.D., procedural due process in violation of the Due Process Clause of the Fourteenth Amendment; (4) The ASTC Requirement is vague in violation of the Due Process Clause of the Fourteenth Amendment because it fails to provide fair notice of its requirements and encourages arbitrary and discriminatory enforcement; and (5) The Admitting-Privileges Requirement improperly delegates lawmaking authority to hospitals in violation of the Due Process Clause of the Fourteenth Amendment.

2) DEFENDANTS: Plaintiffs' claims, which seek declaratory and injunctive relief, brought under 42 U.S.C. § 1983, cannot establish that the "ASTC Requirement," which requires doctor's offices that perform more than 50 abortions per year to become licensed as ambulatory surgical treatment centers ("ASTCs"), 2015 Tenn. Pub. Acts Chapter 419, is unconstitutional in violation of the Due Process, Equal Protection, or other provisions of the United States Constitution. The ASTC licensure requirement is not facially unconstitutional nor is it unconstitutional as applied to Plaintiffs. The ASTC licensure requirement was not enacted for an improper purpose. Moreover it does not impose an undue burden upon a woman's Fourteenth Amendment right to end pregnancy by abortion. The ASTC licensure requirement is reasonably related to (or designed to further) a legitimate state interest, including but not limited to protecting the public's health and safety.

The "Admitting-Privileges Requirement," 2012 Tenn. Pub. Acts Chapter 1008 (originally codified at Tenn. Code Ann. § 39-15-202(h); to be recodified at Tenn. Code Ann. § 39-15-202(j)), also does not unconstitutionally place a substantial obstacle in the path of a woman

seeking abortion. The Admitting-Privileges Requirement was not enacted for an improper purpose nor does it impose an undue burden upon a woman's Fourteenth Amendment right to end pregnancy by abortion, especially as applied to Plaintiffs' facilities. The ASTC licensure requirement is reasonably related to (or designed to further) a legitimate state interest, including but not limited to protecting the public's health and safety.

The "Notice and Waiting Period Requirement," which requires an abortion patient to attend an in-person meeting with a doctor to receive information and then wait for 48 hours before obtaining an abortion, 2015 Tenn. Pub. Acts Chapter 473, § 1(a)-(h) (to be codified at Tenn. Code Ann. § 39-15-202(a)-(h)), does not unconstitutionally place substantial obstacles in the path of women seeking abortion. Furthermore it was not enacted for an improper purpose and it furthers legitimate state interests.

The ASTC, Admitting-Privileges, and Notice and Waiting Period Requirements do not deprive Plaintiffs and Plaintiffs' patients of their constitutional rights in any way. The ASTC, Admitting-Privileges, and Notice and Waiting Period Requirements—individually, collectively, and in conjunction with other provisions of Tennessee law— do not impose an undue burden on access to pre-viability abortion in Tennessee in violation of the Due Process Clause of the Fourteenth Amendment. Neither the ASTC, Admitting-Privileges, or Notice and Waiting Period Requirements in regard to Plaintiffs and their patients violates the Equal Protection Clause of the Fourteenth Amendment. As for the Bristol and Nashville Clinics, the ASTC Requirement as applied by the State does not deny Plaintiffs Adams & Boyle, P.C., and Wesley F. Adams, Jr., M.D., procedural due process guarantees in violation of the Due Process Clause of the Fourteenth Amendment. Viewing applicable Tennessee laws and Rules collectively, the ASTC Requirement is not unconstitutionally vague in violation of the Due Process Clause of the

Fourteenth Amendment because Tennessee law provides fair notice of its requirements and does not encourage arbitrary and discriminatory enforcement. The Admitting-Privileges Requirement does not improperly delegate lawmaking authority to hospitals in violation of the Due Process Clause of the Fourteenth Amendment.

Plaintiffs' claims may also require dismissal for lack of standing, and the case may cease to remain or not be justiciable under Article III's case or controversy requirement. Plaintiffs lack standing to challenge any of the above requirements with which they are currently compliant or can become complaint because they will not have suffered a requisite injury in fact to maintain their challenge as the threat of enforcement would be precluded. Further, should Plaintiffs receive a waiver of any requirements by the Tennessee Board of Licensing Health Care Facilities, the Department of Health, or other state entity, any potential injury in fact from future enforcement of the requirements would be forestalled by the waiver. Plaintiffs would thus be unable to maintain their standing, and their challenge would become moot.

C. ISSUES RESOLVED: Jurisdiction and venue. (Defendants' reserve the standing issue set forth herein).

D. ISSUES STILL IN DISPUTE: The constitutionality of the Tennessee state laws referenced above that pertain to the ASTC, Admitting-Privileges, and Delay (a/k/a Defendants' Notice and Waiting Period ) Requirements.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before September 30, 2015.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before May 31, 2016. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the

parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s), and are due by June 10, 2016.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend the Pleadings on or before January 15, 2016.

H. DISCLOSURE OF EXPERTS: Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before January 29, 2016. Defendants shall identify and disclose all expert witnesses and reports on or before March 4, 2016. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before April 4, 2016.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before May 31, 2016.

J. JOINT MEDIATION REPORT: As this case involves challenges to the constitutionality of state laws and there is no probability of settlement, the parties are not required to file a joint mediation report.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before June 30, 2016. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion (July 21, 2016). Briefs shall not exceed twenty-five (25) pages without leave of Court. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages without leave of Court (August 4, 2016).

L. ELECTRONIC DISCOVERY: The parties have agreed that Administrative Order No. 174 will apply to this case.

M. TRIAL DATE AND ESTIMATED TRIAL TIME: The parties expect the trial to last approximately seven (7) days. This action is set for a bench trial, on November 1, 2016. A pretrial conference is set for October 17, 2016, at 2:30 pm before Judge Sharp.

_____
E. CLIFTON KNOWLES
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

/s/ Scott P. Tift
Scott P. Tift
David W. Garrison
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
Fax: (615) 252-3798
stift@barrettjohnson.com
dgarrison@barrettjohnson.com

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com

Ilene Jaroslaw*
Stephanie Toti*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
ijaroslaw@reprorights.org
stoti@reprorights.org

*Attorneys for Plaintiffs*
*Admitted *pro hac vice*

/s/ Steven A. Hart
Steven A. Hart
Special Counsel
Sue A. Sheldon
Senior Counsel