IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAMS & BOYLE, P.C., on behalf of itself and its patients; WESLEY F. ADAMS, JR., M.D., on behalf of himself and his patients; and MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself and its patients, <br><br>    Plaintiffs, <br><br> v. <br><br> HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; JOHN DREYZEHNER, M.D., Commissioner of the Tennessee Department of Health, in his official capacity; and MICHAEL D. ZANOLLI, M.D., President of the Tennessee Board of Medical Examiners, in his official capacity, GLENN R. FUNK, District Attorney General of Nashville, in his official capacity, AMY WEIRICH, District Attorney General of Shelby County, in her official capacity, and BARRY P. STAUBUS, District Attorney General of Sullivan County, in his official capacity, <br><br>    Defendants. | ) ) ) ) ) ) ) Civil Action No. 3:15-cv-00705 ) Judge Sharp ) Magistrate Judge Knowles ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Herbert H. Slatery III, Attorney General of Tennessee, in his official capacity; John Dreyzehner, M.D., Commissioner of the Tennessee Department of Health, in his official capacity; and Michael D. Zanolli, M.D., President of the Tennessee Board of Medical Examiners, in his official capacity, Glenn R. Funk, District Attorney General of Nashville, in his official capacity; Amy Weirich, District Attorney General of Shelby County, in her official capacity, and

Barry P. Staubus, District Attorney General of Sullivan County, in his official capacity, (collectively "Defendants") respond to the First Amended Complaint as follows:

## I. PRELIMINARY STATEMENT

1. Defendants deny the allegations in paragraph 1.

2. Defendants admit that this lawsuit challenges three restrictions: (1) the ambulatory surgical treatment centers ("ASTCs") requirement, set forth in 2015 Tenn. Pub. Acts Chapter 419 (codified at Tenn. Code Ann. § 68-11-201(3)); the "Admitting-Privileges Requirement," set forth in 2012 Tenn. Pub. Acts Chapter 1008 (originally codified at Tenn. Code Ann § 39-15-202(h); to be re-codified at Tenn. Code Ann. § 39-15-202(j)); and the "Notice and Waiting Period Requirements," (referenced by Plaintiffs as the "Delay Requirement"), which is set forth in 2015 Tenn. Pub. Acts Chapter 473, § 1(a)-(h) (codified at Tenn. Code Ann. § 39-15-202(a)-(h)). Defendants deny the remaining allegations in paragraph 2.

3. Defendants are without sufficient information to admit or deny the allegations in the first two sentences of paragraph 3. Defendants deny the allegations in the third sentence of paragraph 3.

4. Defendants deny the allegations in the first sentence of paragraph 4. Defendants aver that Tenn. Code Ann. §§ 9-4-5116, 56-7-1002(c) – (d), 56-26-134, and 63-6-241 speak for themselves. Defendants deny the remaining allegations in paragraph 4.

5. Defendants are without sufficient information to admit or deny the allegations in paragraph 5; however, Tennessee law does not render abortion unavailable at 16 weeks of pregnancy."

6. Defendants deny the allegations in paragraph 6.

7. Defendants are without sufficient information to admit or deny the allegations in the first sentence of paragraph 7. Defendants admit that Plaintiffs are seeking declaratory and injunctive relief, but deny that the challenged laws are unconstitutional.

## II. JURISDICTION AND VENUE

8. Defendants deny jurisdiction, in part due to a lack of standing.

9. Defendants deny that Plaintiffs' claims are authorized by the cited authorities, in part due to a lack of standing.

10. If this Court has jurisdiction, Defendants admit that venue is proper.

## III. PLAINTIFFS

11. Defendants are without sufficient information to admit or deny the allegations in paragraph 11.

12. Defendants admit that Plaintiff Wesley F. Adams, Jr., M.D., is an obstetrician-gynecologist licensed to practice medicine in Tennessee. Defendants are without sufficient information to admit or deny the allegations in the second and third sentences in paragraph 12.

13. Defendants are without sufficient information to admit or deny the allegations in paragraph 13.

## IV. DEFENDANTS

14. Defendants admit the allegations in the first and second sentences of paragraph 14. Defendants admit the allegations in the third sentence that Attorney General Slatery has authority to prosecute criminal violations of the challenged requirements in

3

Tennessee's appellate courts, although this may not be exclusive authority. Defendants admit the allegations in the fourth sentence that the Attorney General is sued in his official capacity.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in the first sentence of paragraph 16. Defendants further admit that the Tennessee Board of Medical Examiners is empowered to take disciplinary action against a physician who violates Tenn. Code Ann. § 39-15-202(h), or any "of the laws governing abortion," as set forth in Tenn. Code Ann. § 63-6-214(b)(6). Defendants admit the allegations in the third sentence that Dr. Zanolli is sued in his official capacity.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19.

## V. THE CHALLENGED REQUIREMENTS

ASTC Requirement

20. Defendants aver that Tenn. Code Ann. § 68-11-201 (3) speaks for itself.

21. Defendants aver that the decision in *Tenn. Dep't of Health v. Boyle*, No. M2001-01738-COA-R3-CV, 2002 WL 31840685 (Dec. 19, 2002) speaks for itself.

22. Defendants aver that 2015 Tenn. Pub. Ch. 419 speaks for itself.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in the first two sentences of paragraph 24. Defendants admit the allegations in the third and fourth sentences of paragraph 24.

25. Defendants admit the allegations in paragraph 25.

4

26. Defendants admit that the ASTC Requirement was signed into law and scheduled to take effect as alleged in paragraph 26.

Notice and Waiting Period Requirements

27. Defendants aver that 2015 Public Chapter 473, section 1(a) – (h) speaks for itself.

28. Defendants deny the allegations in the first sentence of paragraph 28. Defendants aver that the decision in *Planned Parenthood of Middle Tenn. v. Sundquist*, 38 S.W.3d 1 (Tenn. 2000) and the Due Process Clause of the Fourteenth Amendment speak for themselves.

29. Defendants admit the allegations in paragraph 29.

30. Defendants admit that the Notice and Waiting Period Requirements was signed into law and scheduled to take effect as alleged in paragraph 30.

Admitting-Privileges Requirement

31. Defendants admit the allegations in paragraph 31.

32. Defendants aver that 2012 Public Chapter 1008 and 2015 Public Chapter 473 speak for themselves.

33. Defendants are without sufficient information to admit or deny the allegations in paragraph 33.

34. Defendants aver that Tenn. Comp. R. & Regs. 1200-08-10-.05(6) - (8) speaks for itself. Defendants are without sufficient information to admit or deny the allegations in the second and third sentences.

**VI. FACTUAL ALLEGATIONS**

Abortion Background

35. Defendants deny the allegations in paragraph 35.

36. Defendants are without sufficient information to admit or deny the allegations in paragraph 36.

37. Defendants are without sufficient information to admit or deny the allegations in paragraph 37.

38. Defendants are without sufficient information to admit or deny the allegations in paragraph 38.

39. Defendants are without sufficient information to admit or deny the allegations in paragraph 39.

40. Defendants are without sufficient information to admit or deny the allegations in paragraph 40.

41. Defendants are without sufficient information to admit or deny the allegations in paragraph 41.

42. Defendants are without sufficient information to admit or deny the allegations in paragraph 42.

43. Defendants are without sufficient information to admit or deny the allegations in paragraph 43.

44. Defendants are without sufficient information to admit or deny the allegations in paragraph 44.

45. Defendants are without sufficient information to admit or deny the allegations in paragraph 45.

46. Defendants are without sufficient information to admit or deny the allegations in paragraph 46.

47. Defendants are without sufficient information to admit or deny the allegations in

paragraph 47.

Availability of Abortion Services in Tennessee and Impact of the Challenged Requirements

48. Defendants are without sufficient information to admit or deny the allegations in paragraph 48.

49. Defendants are without sufficient information to admit or deny the allegations in paragraph 49.

50. Defendants are without sufficient information to admit or deny the allegations in paragraph 50.

51. Defendants are without sufficient information to admit or deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants are without sufficient information to admit or deny the allegations in paragraph 54.

55. Defendants are without sufficient information to admit or deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants are without sufficient information to admit or deny the allegations in paragraph 57.

58. Defendants are without sufficient information to admit or deny the allegations in paragraph 58; however, Defendants aver that Tennessee law does not render medication abortions unavailable after 9 weeks.

59. Defendants are without sufficient information to admit or deny the allegations in

paragraph 59; however, Defendants aver that Tennessee law does not render abortions unavailable after 16 weeks.

60. Defendants are without sufficient information to admit or deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

<u>Impossibility of Compliance with the ASTC Requirement Prior to Its Effective Date</u>

64. Defendants deny the allegations in paragraph 64.

65. Defendants are without sufficient information to admit or deny the allegations in paragraph 65.

66. Defendants are without sufficient information to admit or deny the allegations in paragraph 66.

67. Defendants admit the allegations in paragraph 67.

68. Defendants admit that paragraph 68 contains some excerpts from Tenn. Att'y Gen. Op. No. 15-52, 2015 WL 3822469, at *1 (June 11, 2015), but Defendants aver that the entire Attorney General's opinion speaks for itself.

69. Defendants are without sufficient information to admit or deny the allegations in the first sentence of paragraph 69. Defendants admit the allegations in the second sentence of paragraph 69.

70. Defendants admit the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants admit the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

<u>The ASTC Requirement Targets Abortion Clinics for the Imposition of Unique and Onerous Burdens But Provides No Health Benefits to Abortion Patients</u>

75. Defendants are without sufficient information to admit or deny the allegations in paragraph 75.

76. Defendants are without sufficient information to admit or deny the allegations in paragraph 76.

77. Defendants are without sufficient information to admit or deny the allegations in paragraph 77.

78. Defendants are without sufficient information to admit or deny the allegations in paragraph 78.

79. Defendants are without sufficient information to admit or deny the allegations in paragraph 79.

80. Defendants deny the allegations in sentences one and four of paragraph 80. Defendants are without sufficient information to admit or deny the allegations in sentences two and three of paragraph 80.

81. Defendants are without sufficient information to admit or deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

<u>The Admitting-Privileges Requirement Targets Abortion Clinics for the Imposition of Unique and Onerous Burdens But Provides No Health Benefits to Abortion Patients</u>

83. Defendants are without sufficient information to admit or deny the allegations in paragraph 83.

84. Defendants are without sufficient information to admit or deny the allegations in

9

paragraph 84.

85. Defendants are without sufficient information to admit or deny the allegations in paragraph 85.

86. Defendants are without sufficient information to admit or deny the allegations in paragraph 86.

87. Defendants are without sufficient information to admit or deny the allegations in paragraph 87.

88. Defendants are without sufficient information to admit or deny the allegations in paragraph 88.

89. Defendants are without sufficient information to admit or deny the allegations in paragraph 89.

90. Defendants aver that the decision in *City of Cookville ex rel. v. Cookeville Regional Medical Center v. Humphrey,* 126 S.W.3d 897 (Tenn. 2004) speaks for itself.

91. Defendants are without sufficient information to admit or deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

<u>Under Existing Tennessee Law, Abortion Patients Are Required to Participate in a Robust Informed Consent Process Prior to Obtaining an Abortion</u>

93. Defendants aver that Tenn. Code Ann. § 29-26-118 speaks for itself. Defendants deny the allegations in the last sentence of paragraph 93.

94. Defendants are without sufficient information to admit or deny the allegations in paragraph 94.

95. Defendants are without sufficient information to admit or deny the allegations in paragraph 95.

10

## VII. CLAIMS FOR RELIEF

### COUNT I
### (Substantive Due Process)

96. No response is needed for paragraph 96.

97. Defendants deny that the challenged provisions of state law – individually, collectively, or in conjunction with other provisions of state law – violate the Due Process Clause of the Fourteenth Amendment.

### COUNT II
### (Equal Protection)

98. No response is needed for paragraph 98.

99. Defendants deny that the challenged provisions of state law deny equal protection of the laws to Plaintiffs and their patients in violation of the Equal Protection Clause of the Fourteenth Amendment..

### COUNT III
### (Procedural Due Process)

100. No response is needed for paragraph 100.

101. Defendants deny that the ASTC Requirement denies Plaintiffs Adams & Boyle, P.C., and Wesley F. Adams, Jr., M.D., procedural due process in violation of the Due Process Clause of the Fourteenth Amendment.

### COUNT IV
### (Vagueness)

102. No response is needed for paragraph 102.

103. Defendants deny that the ASTC Requirement is unconstitutionally vague.

## COUNT V
### (Unlawful Delegation)

104. No response is needed for paragraph 104.

105. Defendants deny that the Admitting-Privileges Requirement violates the Due Process Clause of the Fourteenth Amendment.

**VIII. REQUEST FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any declaratory or injunctive relief. Defendants further deny that Plaintiffs are entitled to any attorney's fees, costs, or any other relief in this action.

## DEFENSES

Any allegations not expressly admitted above are hereby denied.

1. Plaintiffs lack standing to challenge the ASTC, the "Admitting-Privileges Requirement," or the "Notice and Waiting Period Requirements" in Tennessee law.

2. Plaintiffs have failed to state a claim upon which relief can be granted as the challenged provisions of Tennessee law are fully constitutional under both the Tennessee and United States Constitutions.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ *Steven A. Hart*
STEVEN A. HART (BPR # 07050)
Special Counsel
SUE A. SHELDON (BPR #15295)
Senior Counsel
ALEXANDER S. RIEGER (BPR# 029362)
Assistant Attorney General

Office of Tennessee Attorney General
P. O. Box 20207
Nashville, Tennessee 37202
(615) 741-3505
Steve.Hart@ag.tn.gov
Sue.Sheldon@ag.tn.gov
Alex.Rieger@ag.tn.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record through the Electronic Filing System on this 25th day of September, 2015:

Scott P. Tift  
David W. Garrison  
Barrett Johnston Martin & Garrison, LLC,  
Bank of America Plaza,  
414 Union Street, Suite 900  
Nashville, TN 37219  
stift@barrettjohnson.com  
dgarrison@barrettjohnson.com  

Ilene Jaroslaw  
Stephanie Toti  
Center for Reproductive Rights  
199 Water Street, 22nd Floor  
New York, NY 10038  
ijaroslaw@reprorights.org  
stoti@reprorights.org  

Thomas C. Jessee  
Jessee & Jessee  
P.O. Box 997  
Johnson City, TN 37605  
jjlaw@jesseeandjessee.com  

                s/*Steven A. Hart*  
                Steven A. Hart