# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ADAMS & BOYLE, P.C., on behalf of Itself and its patients; et al., | )<br>)<br>) |
| Plaintiffs, | ) CASE NO. 3:15-cv-00705 |
| v. | ) JUDGE FRIEDMAN |
| HERBERT H. SLATERY III, Attorney General of Tennessee, in his official Capacity; et al., | ) MAGISRATE JUDGE<br>) FRENSLEY |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff Knoxville Center for Reproductive Health, Inc. files this brief in support of its Motion to Dismiss Without Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

### I.  STATEMENT OF FACTS

This action was filed by Plaintiffs Adams & Boyle, P.C., Wesley F. Adams, Jr. and the Memphis Center for Reproductive health on June 25, 2015, challenging the constitutionality of three Tennessee laws affecting abortion providers. Following a settlement that resolved Plaintiffs' claims as to two of the three challenged laws, Plaintiff Knoxville Center for Reproductive Health, Inc. (the "Center"), along with Planned Parenthood of Greater Memphis (which operates two health centers in Memphis) and Planned Parenthood of Middle and East Tennessee (which operates one health center in Knoxville and one health center in Nashville), entered this lawsuit via an Amended Complaint filed August 22, 2017. The remaining law challenged in this case is 2015 Tenn. Pub. Acts Chapter 473, § 1(a)-(h) (codified at Tenn. Code

Ann. § 39-15-202(a)-(h)), which requires that women make an additional trip at least 48 hours before they can obtain an abortion in order to attend an in-person meeting with the physician.

The Center's chief administrator is Kim Denison. Ms. Denison is responsible for the overall management of the Center and all administrative functions, including all finances (such as payroll, accounts payable and receivable, and billing and collection), human resources and training programs, insurance, equipment and building maintenance, and contract negotiations. She has been employed by the Center for almost 32 years and has served as its administrator for 18 years. (Denison Aff. ¶ 1, attached hereto as Ex. A). Other than Ms. Denison, the Center has only two non-clinical full-time staff: an office manager and a receptionist. Id.

Since entering the lawsuit, Ms. Denison has experienced an unexpected personal crisis. Recently, Ms. Denison's 70-year-old husband has faced serious medical challenges, including a range of neurological problems, as well as severe balance issues that put him at a very high risk of falling. Id. at ¶ 3. Indeed, a recent fall resulted in a fractured sternum and a trip to the emergency room. Id. In addition, Ms. Denison's husband had spinal fusion surgery on January 31, 2018. Id.. The recovery period for the surgery will require at least six months. Id. Due to complications resulting from the surgery, he was unexpectedly moved into a rehabilitation center last week. Id. When he returns home (likely in one to two weeks), Ms. Denison will again be his full-time, primary caregiver. Id.

In addition to caring for her husband during these difficult health issues, Ms. Denison also has significant obligations to her 91-year-old stepmother, who lives several hours from Ms. Denison's home. Id. at ¶ 4. Ms. Denison is charged with overseeing her stepmother's finances. Id. Last week, Mr. Denison and her stepmother determined that she must sell her home. Id. Ms. Denison must oversee this process. Id.

2

Because of these unexpected personal crises, Ms. Denison will remain largely absent from the Center for the foreseeable future. Id. at ¶ 2. To the extent possible, she plans to work from home on those of her duties that cannot be delegated to other staff. Id. She is completely unable to respond to the State's expansive discovery requests in this case, or to engage in trial preparations, while consumed by these familial matters. Id. at ¶ 5. Given its small size, the Center does not have the capacity to respond to these discovery requests or to prepare for trial in Ms. Denison's absence. Id. As it is, some of Ms. Denison's staff will have to take on additional responsibilities during her absence. Id.

II. ARGUMENT AND CITATION TO AUTHORITY

When a plaintiff moves to unilaterally and voluntarily dismiss his/her claim after the defendant has filed an answer or motion for summary judgment, that dismissal is governed by FRCP 41(a)(2). Rule 41(a)(2) states that a claim may only be dismissed "by court order, on terms that the court considers proper." The purpose of this restriction is to ensure that the non-movant's rights are protected from unfair treatment. Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). The granting of a motion is routine, although the Court exercises discretion in deciding to dismiss with or without prejudice. Id.

The Court should grant a dismissal without prejudice unless the non-movant would suffer a "plain legal prejudice" if the claim were dismissed without prejudice. Id. To determine whether a defendant would suffer "plain legal prejudice" from a dismissal without prejudice, the court should consider factors such as the defendant's efforts and costs in preparing for trial, whether the defendant has filed a motion for summary judgment, any excessive delay or lack of diligence on the part of the plaintiff, and the sufficiency of the plaintiff's rationale for dismissal. Id. The possibility of defending against a second lawsuit is not itself sufficient to satisfy this standard. Id.

3

All factors weigh in favor of dismissal without prejudice. The Center has presented a reasonable rationale for its desire to dismiss its claims and withdraw from the case. The Center is but one of several Plaintiffs in this lawsuit (including another Plaintiff that operates a health center located in Knoxville), and all Plaintiffs seek a common remedy. The case will therefore continue without the Center's participation and Defendants will not have unnecessarily expended any effort or expense in defending the lawsuit because of its withdrawal. The Center has caused no delay nor exhibited any lack of diligence in the case and no motion for summary judgment is pending in this matter.

Ms. Denison is unable to respond to the Defendants' very expansive discovery requests in this case, or to engage in trial preparations, in light of her personal crises. And, given the Center's size, it does not have the capacity to bear these burdens without her involvement, particularly while the two remaining non-clinical staff are already stretched thin by her absence.

### III. CONCLUSION

For the foregoing reasons, Knoxville Center for Reproductive Health, Inc. asks the Court to grant it leave to dismiss its claims, without prejudice, and withdraw from the case.

Respectfully submitted,

/s/ Thomas H. Castelli
Thomas H. Castelli #24849
American Civil Liberties Union
Foundation of Tennessee
P. O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
Fax: (615)-691-7219
tcastelli@aclu-tn.org

Julia Kaye (admitted *Pro Hac Vice*)
American Civil Liberties Union Foundation
125 Broad St., Floor 18
New York, NY 10004
Tel: (212) 284-7358
jkaye@aclu.org

Attorneys for Plaintiff
Knoxville Center for Reproductive Health

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Memorandum of Law in Support of Motion to Dismiss Without Prejudice* has been served on the following counsel of record through the Electronic Filing System on this 15th day of February 2018:

Alexander Stuart Rieger
Steven Ashley Hart
Sue A. Sheldon
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207
(615) 741-2408
Fax: (615) 532-5683
alex.rieger@ag.tn.gov
steve.hart@ag.tn.gov
Sue.Sheldon@ag.tn.gov

       /s/ Thomas H. Castelli
      Thomas H. Castelli