UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ADAMS & BOYLE, P.C., et al.,

    Plaintiffs,                                Civil Action No. 3:15-CV-705

vs.                                         HON. BERNARD A. FRIEDMAN

HERBERT H. SLATERY III, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING THE MOTION OF PLAINTIFF KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, INC. FOR VOLUNTARY DISMISSAL

        This matter is presently before the Court on the motion of plaintiff Knoxville Center for Reproductive Health, Inc. ("the Knoxville Center") for voluntary dismissal without prejudice [docket entry 83]. Defendants have filed a response in opposition and the Knoxville Center has filed a reply. As oral argument is unnecessary, the Court shall decide this motion on the briefs.

        Plaintiffs, which provide abortions at their facilities in Tennessee, challenge a provision of a state statute that requires women seeking an abortion to receive certain information beforehand in person from the attending or referring physician and to wait at least 48 hours after receiving the information before undergoing the procedure. Second Am. Compl. ¶ 47. The plaintiffs are Adams & Boyle, P.C., a holding company for two clinics in Bristol and Nashville; Memphis Center for Reproductive Health, which operates a clinic in Memphis; Planned Parenthood Greater Memphis Region, which operates two clinics in

Memphis; Planned Parenthood Middle and East Tennessee, which operates clinics in Nashville and Knoxville; and the Knoxville Center, which operates a clinic in Knoxville. *Id.* ¶¶ 14-18. Plaintiffs allege that the "delay requirement" unduly burdens their patients' right to an abortion. Plaintiffs, suing on their own behalf and also on behalf of their patients, assert due process and equal protection claims under the Fourteenth Amendment.

In the motion now before the Court, the Knoxville Center seeks leave to dismiss its claims without prejudice on the grounds that its administrator, Ms. Denison, for family reasons "expects to remain largely absent from the Center for the foreseeable future"; she "is completely unable to respond to the Defendants' expansive discovery requests and prepare for trial"; "the Center has only two other non-clinical full-time staff members, and they likewise do not have the capacity to respond to the Defendants' discovery requests and prepare for trial in Ms. Denison's absence"; and Ms. Denison's "absence from the center will make it impossible for the Center to continue in the case as a party." Pl.'s Mot. ¶¶ 3-6.

Defendants oppose the motion on the grounds that they recently served the Knoxville Center, and the other plaintiffs, with discovery requests seeking "data and information . . . relevant to the availability of medication and medical procedure abortions both pre- and post-enactment." Defs.' Response at 2. Defendants contend that if the Knoxville Center is permitted to withdraw, they will have to serve it as a non-party with new discovery requests, and that the burden of responding to any such requests "would not meaningfully differ from what was already sought." *Id.* at 3. Defendants also indicate that

data from the Knoxville Center "may be critical to evaluating the alleged undue burden of the challenged enactments." *Id.*

Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." This Court recently summarized the factors it considers in deciding such a motion as follows:

> A dismissal under Rule 41(a)(2) is without prejudice unless the court states otherwise. *Id.* And it is generally appropriate unless the non-moving party—here Defendants—can show they will suffer "plain legal prejudice." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1993).
>
> Courts consider four factors in determining whether this plain legal prejudice will result from a dismissal without prejudice: 1) defendant's effort and expenses preparing for trial; 2) the degree of plaintiff's excessive delay or lack of diligence; 3) insufficient explanation for the need to take a dismissal; and 4) whether defendant has filed a motion for summary judgment. *Id.*
>
> Courts have broad discretion in evaluating each of the four *Grover* factors and no single factor is dispositive. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed.Appx. 498, 502 (6th Cir. 2007). Additionally, Plaintiffs do not have to show that all four factors weigh in their favor to prevail on a motion for dismissal without prejudice. *Id.* at 503 ("The factors are simply a guide for the trial judge in whom the discretion ultimately rests") (quoting *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)) (internal quotations omitted).
>
> Finally, "the mere prospect of a second lawsuit," is not sufficient to show plain legal prejudice. *Id.*; *see also e.g., Carr CSL Plasma, Inc.*, No. 14–cv–2267–JTF-cgc, 2016 WL 12805769 at *1 (W.D. Tenn. Aug. 17, 2015) ("Generally, courts approve such dismissals [without prejudice] unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit") (citing 9 C. Wright & A.

3

> Miller, Federal Practice and Procedure § 2363 at 165 (1971));
> *see also* 9 C. Wright & A. Miller, Federal Practice and
> Procedure § 2364 (2017) (same).
>
> Rather, plain legal prejudice results where dismissal without
> prejudice would "strip a defendant of an absolute defense," or
> where "the law clearly dictates a result for the defendant."
> *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed.Appx. 498,
> 502 (6th Cir. 2007) (citing *Grover*, 33 F.3d at 718). In both of
> these instances subjecting defendants to the threat of future
> liability—by dismissing a case without prejudice—where they
> had already proven they were not liable would be unfair. *Id*.

*Williams v. La Quinta Develop-Ment Partners L.P.*, No. 16-2483, 2017 WL 4228169, at *3 (M.D. Tenn. Sept. 21, 2017).

Applying the *Grover* factors in the present case supports the Court's conclusion that defendants have not shown that they will suffer "plain legal prejudice" if the Knoxville Center is permitted to voluntarily dismiss its complaint. First, defendants' trial preparation efforts will be affected only slightly, if at all. Defendants have not shown that they need any discovery from the Knoxville Center. If they do need such discovery from the Knoxville Center as a non-party, they presumably can simply "cut and paste" from the discovery requests they recently served.[1] Second, the Knoxville Center raised the issue of Ms. Denison's unavailability, and the Knoxville Center's inability to proceed, promptly, *see*

---

[1] The Court does not suggest that such discovery requests should be served on the Knoxville Center, or on any other non-party. The propriety of any such discovery requests is not presently before the Court. Nor is the possibility of extending the discovery period before the Court at this time. The Court notes that discovery in this matter does not close until May 31, 2018. *See* Third Case Mgmt. Order ¶ E. Any party who believes that discovery cannot be completed by this deadline is free to file an appropriate motion to modify the schedule.

4

Castelli Decl. (attached to Pl.'s Reply as Ex. A), and defendants have not shown otherwise. Third, the Knoxville Center has provided an adequate explanation for seeking voluntary dismissal. And fourth, defendants have not filed a motion for summary judgment. Nor, under *Rosenthal*, can it be said that granting the instant motion would "strip [defendants] of an absolute defense" or that "the law clearly dictates a result for [defendants]."

In short, the Knoxville Center has provided a satisfactory reason for seeking permission to withdraw as a plaintiff, and defendants have not shown that its withdrawal will cause them any significant prejudice. Accordingly,

IT IS ORDERED that the Knoxville Center's motion for voluntary dismissal is granted, and the case will proceed with the remaining parties.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: March 5, 2018
　　　　Detroit, Michigan