# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ADAMS & BOYLE, P.C., on behalf of itself and its patients; et al., ) ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) | |
| ) | CASE NO. 3:15-cv-00705 |
| v. ) | |
| ) | JUDGE FRIEDMAN |
| HERBERT H. SLATERY III, Attorney General of ) Tennessee, in his official capacity; et al., ) | |
| ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

The parties hereby jointly move the Court for entry of a protective order establishing certain protocols for the use and disclosure of confidential information. The parties largely agree upon the language of the proposed protective order, but have been unable to reach agreement on certain provisions that Plaintiffs submit are necessary to protect the identities of individuals who have sought an abortion at one of Plaintiffs' health centers. A copy of Plaintiffs' Proposed Protective Order is attached hereto as Exhibit A; a copy of Defendants' Proposed Protective Order is attached hereto as Exhibit B.

Paragraph 2 of the Proposed Protective Order allows Plaintiffs, in good faith, to designate documents and other information exchanged during discovery as Confidential. Paragraph 7 permits Plaintiffs to redact personal identifying information of individual patients, such as patient names, birth dates, social security numbers, addresses, telephone numbers, e-mail addresses, insurance policy numbers, or any other information that could be used, alone or in combination with other information, to identify a specific patient.

Defendants wish to preserve their ability to seek discovery of the identities of individual patients, and propose the following language be included in paragraphs 2 and 7:

> Should Defendants seek to acquire patient identifying information redacted or otherwise omitted from Confidential Information, Plaintiffs shall provide that identifying information or seek a protective order preventing disclosure.

Plaintiffs seek to protect from discovery the identities of any individual patients, and propose the following language be included in paragraphs 2 and 7:

> To the extent Defendants seek to acquire any patient identifying information redacted or otherwise omitted from Confidential Information, Defendants may file a motion challenging the redactions or omissions with the Court.

The parties' respective positions and arguments are set forth in further detail below.

### I. Plaintiffs Assert that Defendants Are Not Entitled to Confidential Information Identifying Individual Patients Who Have Sought or Obtained Sensitive and Confidential Medical Care at Plaintiffs' Facilities.

Plaintiffs submit that their version of the Proposed Protective Order—including appropriate protections for any patient identifying information—is necessary to safeguard the privacy of individuals who have sought medical services at any of Plaintiffs' medical facilities. Plaintiffs' patients have a justified expectation, given the private and intimate nature of abortion, that their identities will not be disclosed. Indeed, the public disclosure of patients' identities— inadvertent or otherwise—would put Plaintiffs' patients at increased risk of harassment, violence, stigma, and other adverse consequences. The Federal Rules of Procedure and the law of this Circuit foreclose Defendants' arguments as to the need for unredacted information concerning the identity of individual patients. Moreover, the disclosure of patient names and other identifying information would be virtually unprecedented in an abortion case. *See, e.g.*, *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 929-31 (7th Cir. 2004) (affirming lower court decision quashing a subpoena seeking abortion patient records even though patient identifying

information had been *redacted*, and noting that the production of even redacted medical records of abortion patients still constitutes "an invasion of privacy" because the "revelation of the intimate details contained in the record" of an abortion patient would inflict a "wound" upon such patients).

Under Federal Rule of Civil Procedure 26(b)(1), discovery is permitted so long as it is "relevant to any party's claim or defense and proportional to the needs of the case[.]" Here, the names, addresses, telephone numbers, and other personal information of patients who sought services at Plaintiffs' clinics are wholly *irrelevant* to any matter before this Court. Defendants have represented to Plaintiffs that they may seek patient identifying information for the purpose of subpoenaing individual patients to verify whether information provided by Plaintiffs during discovery is truthful and accurate. Setting aside Defendants' unfounded suggestion that Plaintiffs have been anything but ethical in conducting discovery, Defendants' potential actions subpoenaing individual patients strike at the very heart of Plaintiffs' patients' right to privacy. Subjecting Plaintiffs' patients to invasive discovery would constitute an unprecedented assault on the privacy rights of Tennessee women. In fact, Plaintiffs are not aware of a single case where an abortion clinic has been ordered to disclose the *names* of individual patients who sought or obtained abortions as part of the discovery process. Indeed, the burdens to Plaintiffs and their patients of revealing such information far exceeds any hypothesized benefit.

Under Sixth Circuit jurisprudence, the right to informational privacy is triggered when disclosure relates to "personal rights that can be deemed fundamental or implicit in the concept of ordered liberty." *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981) (quotations omitted) (citing *Roe v. Wade*, 410 U.S. 113, 152 (1973)); *accord Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998). In addition, "the Sixth Circuit has recognized an informational-privacy interest of

3

Case 3:15-cv-00705 Document 90 Filed 03/23/18 Page 3 of 9 PageID #: 553

constitutional dimension . . . (1) where the release of personal information could lead to bodily harm; and (2) where the information released was of a 'sexual, personal, and humiliating nature.'" *Kenny v. Bartman*, 2016 WL 3049312, at *9 (W.D. Mich. May 31, 2016) (internal citations omitted). Under either articulation of the right to informational privacy, Plaintiffs are entitled to protect patient identifying information from disclosure.

First, the right to seek an abortion prior to viability is a fundamental right recognized by the U.S. Supreme Court over 40 years ago in *Roe v. Wade*, 410 U.S. 113 (1973), and it has been consistently upheld in the decades since. *See Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016); *Gonzales v. Carhart*, 550 U.S. 124 (2007); *Stenberg v. Carhart*, 530 U.S. 914 (2000); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833 (1992). "Our sexuality and choices about sex . . . are interests of an intimate nature which define significant portions of our personhood. . . . [R]evealing information regarding these interests exposes an aspect of our lives that we regard as highly personal and private[.]" *Bloch*, 156 F.3d at 685; *see also Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008) ("the disclosure of private sexual information implicate[s] . . . the fundamental right of privacy in one's sexual life"). Defendants' pursuit of patient names and identifying information clearly implicates the fundamental right to abortion.

Second, forcing Plaintiffs to turn over the names and identifying information of patients threatens to expose deeply personal and intimate details about patients' lives, including their sexual histories, contraceptive use, prior pregnancies, the fact that they sought or obtained an abortion, and other sensitive medical information. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ashcroft*, No. C03-4872 PJH, 2004 WL 43222 at *2 (N.D. Cal. March 5, 2004) (noting that abortion patients' medical records contain "information of an extremely personal and intimate nature"). Public disclosure of such information could impose significant burdens,

4

including shame, stigma, or humiliation, *see Bloch*, 156 F.3d at 685, as well as threats and even violence, *see Casey*, 505 U.S. at 887-91 (discussing the risk of violence or psychological abuse from an abuser if a woman's intention to seek abortion were disclosed to her partner); *Nw. Mem'l Hosp.*, 362 F.3d at 929 (discussing patients' fears regarding disclosure of medical records given that abortion patients "must know that . . . hostility to abortion has at times erupted into violence").

In addition, Plaintiffs themselves will be harmed if forced to reveal confidential patient information. Such disclosure would interfere with the doctor-patient relationship and could jeopardize current and future patients' willingness to be candid with their treating physician. *See Planned Parenthood Fed'n of Am.*, 2004 WL 432222, at *2 ("the potential for injury to the relationship between patient and provider is significant given the providers' pledge of confidentiality."). Without full candor about a patient's medical history, Plaintiffs' ability to serve their patients with the utmost care will be undermined. In addition, Tennessee women made aware of the disclosure might be deterred from seeking necessary care from Plaintiffs' clinics in the future, and may be left without any options to obtain such care. *Cf. Nw. Mem'l Hosp.*, 362 F.3d at 929 ("If Northwestern Memorial Hospital cannot shield the medical records of its abortion patients . . . the hospital will lose the confidence of its patients, and persons with sensitive medical conditions may be inclined to turn elsewhere for medical treatment.").

Thus, Plaintiffs respectfully ask this Court to enter a protective order that adequately protects their patients' right to privacy, and expressly permits Plaintiffs to redact any patient identifying information, including but not limited to patient names, in any and all discovery, by including Plaintiffs' proposed language in the proposed Protective Order. The burden should be

5
Case 3:15-cv-00705   Document 90   Filed 03/23/18   Page 5 of 9 PageID #: 555

on the Defendants to seek an order from the Court in the event they determine that patient identifying information is truly necessary.

## II. Defendants' Ability to Discover Unredacted Patient Information

Plaintiffs seek to deviate from the process of traditional discovery and reverse it by placing the burden on Defendants to prove entitlement to discovery of relevant information. Typically, the burden would be on Plaintiffs to demonstrate with particularity the need for a protective order – including protections beyond the scope of those already agreed upon in this Protective Order. *See* Fed. R. Civ. P. 26(c).

Should Defendants request the production of redacted patient identifying information, Plaintiffs have not pointed to any evidence of intent by Defendant (Government officials) to use this identifying information to harass, stalk, or for any other malicious purpose. Because there is no such intent; Defendants would only seek the information to which they are entitled in order to defend the challenged legislative enactment.[1] *See, e.g., National Abortion Federation v. Ashcroft*, No. 03 Civ. 8695, 2004 WL 555701 (S.D.N.Y. Mar. 19, 2004). Plaintiffs brought this litigation (including on behalf of their patients), and now want to change the rules to disadvantage Defendants by denying them the ability to verify information Plaintiffs have already used.

A need for this information is demonstrated by Plaintiffs' expert disclosures, particularly those of Dr. Young. (Dr. Young is the Medical Director of Plaintiff Planned Parenthood of Middle and East Tennessee) According to her expert report she has "seen the extreme burdens that the Delay Requirement imposes on patients," opines that her patients have been caused "unnecessary anxiety and stress," states that patients "often have a strong preference" for medication abortions

---

[1] Defendants assure Plaintiffs and this Court that they will not use information which may "expose deeply personal and intimate details about patients' lives, including their sexual histories, contraceptive use, prior pregnancies, the fact that they sought or obtained an abortion, and other sensitive medical information" for any purpose besides this litigation. Plaintiffs' concerns are unfounded.

6

and "many feel that a medication abortion. . .is more natural," among other things. Dr. Young has used this information in support of Plaintiffs' litigation, but Defendants cannot in good conscience simply take her word for it and may need the ability to verify these types of patient-related information. With the other protections afforded under the Protective Order, Patient identifying information is thus relevant and discoverable. Fed. R. Civ. P. 26(b)(1).

It is unfair to allow the Plaintiffs to utilize information in their possession to create favorable expert opinions without affording Defendants the meaningful opportunity to look behind the curtain and evaluate the accuracy of their claims and experts' opinions. Third-party standing does not exist to give Plaintiffs an advantage with regard to discoverable information. The doctor-patient relationship does not give the physician license to serve as a practically-irrefutable expert as to exactly what his or her patients "feel." To place the affirmative burden upon Defendants to demonstrate the obvious need for this information is unnecessary, and this litigation is better served by requiring Plaintiffs to seek a protective order as contemplated by Fed. R. Civ. P. 26(c) in any situation where the Defendants seek information that Plaintiffs have redacted and believe should be protected beyond being designated "Confidential Information".

## Conclusion

Except as otherwise stated herein, the parties agree on the terms of the Proposed Protective Order and respectfully request that the Court enter an order in this matter.

Dated: March 23, 2018

HERBERT H. SLATERY III
Attorney General and Reporter

s/ *Steven A. Hart*
STEVEN A. HART (BPR # 07050)
Special Counsel
SUE A. SHELDON (BPR #15295)
Senior Counsel
ALEXANDER S. RIEGER (BPR# 029362)
Deputy Attorney General
Office of Tennessee Attorney General
P. O. Box 20207
Nashville, Tennessee 37202
(615) 741-3505
Steve.Hart@ag.tn.gov
Sue.Sheldon@ag.tn.gov
Alex.Rieger@ag.tn.gov

*/s/ Scott P. Tift*
Scott P. Tift
David W. Garrison
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
Fax: (615) 252-3798
stift@barrettjohnson.com
dgarrison@barrettjohnson.com

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com

*Attorneys for Plaintiffs*

Autumn Katz*
Madeline Gomez*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
akatz@reprorights.org
mgomez@reprorights.org

*Attorneys for Plaintiffs Adams & Boyle, P.C. and Memphis Center for Reproductive Health*

Jennifer Keighley*
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4749
Fax: (212) 247-6811
jennifer.keighley@ppfa.org

*Attorney for Plaintiffs Planned Parenthood Greater Memphis Region and Planned Parenthood Middle and East Tennessee*

*Admitted pro hac vice

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Joint Motion for Protective Order*, has been served on the following counsel of record through the Electronic Filing System on this 23rd day of March, 2018:

**Steven Ashley Hart**
**Sue A. Sheldon**
**Alexander Stuart Rieger**
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207
(615) 741-2408
Fax: (615) 532-5683
steve.hart@ag.tn.gov
Sue.Sheldon@ag.tn.gov
alex.rieger@ag.tn.gov

                 */s/ Scott P. Tift*
                 Scott P. Tift