IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAMS & BOYLE, P.C., on behalf of itself and its patients; MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself and its patients; PLANNED PARENTHOOD GREATER MEMPHIS REGION, on behalf of itself and its patients; and PLANNED PARENTHOOD OF MIDDLE AND EAST TENNESSEE, on behalf of itself and its patients, <br><br>                  Plaintiffs,<br><br>v.<br><br>HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; JOHN DREYZEHNER, M.D., Commissioner of the Tennessee Department of Health, in his official capacity; SUBHI D. ALI, M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; GLENN R. FUNK, District Attorney General of Metropolitan Nashville and Davidson County, in his official capacity; AMY WEIRICH, District Attorney General of Shelby County, in her official capacity; BARRY P. STAUBUS, District Attorney General of Sullivan County, in his official capacity; and CHARME P. ALLEN, District Attorney General of Knox County, in her official capacity,<br><br>                  Defendants. | CIVIL ACTION<br><br>CASE NO. 3:15-cv-00705<br><br>JUDGE FRIEDMAN<br><br>MAGISTRATE JUDGE FRENSLEY |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PRETRIAL BRIEF**

In analyzing the constitutionality of Tennessee's mandatory delay and two-trip requirement (the "Delay Law"), this Court must be guided by *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), which instructs courts to weigh the evidence presented and consider the burdens a law imposes together with the benefits the law actually confers. If a law fails to "confer[] . . . benefits sufficient to justify the burdens upon access," those burdens are, by definition, undue. *Id*. at 2300. As set forth in Plaintiffs' Pretrial Brief, the Delay Law does not improve women's decision-making or otherwise provide any benefit to women seeking abortions, but imposes increased medical risk and other harms by delaying, and in some cases preventing access to care altogether.

Defendants' Pretrial Brief, ECF No. 180 ("Defs. Br.") makes a number of misrepresentations regarding the factual record in this case and the applicable legal standard. In addition, Defendants erroneously claim that Plaintiffs' equal protection claims fail as a matter of law. As discussed below, Defendants' arguments are unavailing. Plaintiffs will present ample evidence at trial of the significant burdens that Tennessee's Delay Law imposes on women seeking abortion and will show that these burdens exceed any possible benefits the law might confer.

## ARGUMENT

### I. *Casey* Does Not Foreclose Plaintiffs' Facial and As-Applied Challenge Here.

Defendants argue that waiting period laws are "routinely upheld," Defs. Br. at 2, and claim nothing in the record in this case "compel[s] a conclusion different from that reached in *Casey*," *id*. at 3. Defendants' arguments fail for three reasons. First, the fact that other courts have upheld delay laws of a shorter duration, based on the particular factual records of those cases, does not control the outcome here. *See, e.g.*, *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 831–32 (7th Cir. 2018) ("a statute valid as to one set of facts may

1

Case 3:15-cv-00705   Document 191   Filed 08/23/19   Page 2 of 8 PageID #: 3153

be invalid as to another."), *petition for cert. filed*, No. 18-1019 (Feb. 4, 2019); *Karlin v. Foust*, 188 F.3d 446, 485 (7th Cir. 1999) ("*Casey* does not foreclose . . . facial challenges to abortion regulations in other states that are similar to those found constitutional in *Casey*."). In particular, Defendants reliance on the Sixth Circuit's decision in *Cincinnati Women's Services, Inc. v. Taft*, 468 F.3d 361 (6th Cir. 2006) is misplaced. *See* Defs. Br. at 3 n.2. *Taft*, like *Casey*, is distinguishable on a number of grounds: it involved a mandatory delay law of 24-hours, not 48; the case was brought as a pre-enforcement challenge, making it more difficult to assess the nature of the burdens imposed; and the Sixth Circuit only considered the burdens on women who would be "precluded altogether from obtaining an abortion." *Taft*, 468 F.3d at 365, 372–73. Critically, *Taft* was decided before the Supreme Court's decision in *Whole Woman's Health*, which makes clear that courts can consider a variety of burdens short of entirely preventing women from obtaining abortions, including increased travel distances, longer wait times, and reduced capacity for "individualized attention" and "emotional support." 136 S. Ct. at 2313, 2318. Under *Whole Woman's Health*, if such burdens outweigh a law's benefits, it must be struck down as unconstitutional. *Id*. at 2309.

Second, Defendants dismiss Plaintiffs' evidence of logistical, financial, and travel burdens as immaterial under *Casey*. *See* Defs. Br. at 2–3. Not so. Courts across the country, both before and after *Whole Woman's Health*, have found that abortion restrictions may be unconstitutional based on the factual records in those cases, and have considered the burdens imposed on particular groups such as poor and low-income women, women who must travel to access care, and/or victims of intimate partner violence as part of that analysis. *See, e.g.*, *Whole Woman's Health*, 136 S. Ct. at 2302 (affirming district court finding that challenged restrictions were burdensome for "poor, rural, or disadvantaged women") (citation omitted); *Planned Parenthood of Ind. & Ky., Inc.*, 896 F.3d at 819 (identifying low-income women as the relevant burdened group and

2

discussing burdens in the "realm of finances, employment, child care, and domestic safety"); *W. Ala. Women's Ctr. v. Williamson*, 900 F.3d 1310, 1327 (11th Cir. 2018) (affirming injunction against abortion restriction that posed increased medical risks and "costs of travel and lodging," an outcome "especially burdensome for low-income women"), *cert. denied*, No. 18-837 (June 28, 2019); *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d. 1330, 1356–60 (M.D. Ala. 2014) (considering socioeconomic factors, transportation difficulties, and logistical challenges of arranging child care, transportation, and missed work as part of undue burden analysis). Indeed, the Ninth Circuit outlined a "nonexhaustive list of factors" that courts may properly consider in assessing whether an abortion law imposes an undue burden, including "[a] significant increase in the cost of abortion," "evidence that a law delays and deters patients obtaining abortions," "a law's stigmatizing of abortion practice and usurping of providers' ability to exercise medical judgment," and "the ways in which an abortion regulation interacts with women's lived experience, socioeconomic factors, and other abortion regulations." *Planned Parenthood of Ariz., Inc. v. Humble*, 753 F.3d 905, 915 (9th Cir. 2014) (internal quotation marks and citations omitted).

Third, Defendants' reading of *Casey* as establishing, as a matter of law, that the Delay Requirement benefits women, *see* Defs. Br. at 4, is unfounded. *Whole Woman's Health* requires courts to look beyond a State's asserted justifications and assess whether the challenged law actually advances the state's interests in a permissible manner. 136 S. Ct. at 2309–10. Defendants cannot demonstrate that the Delay Law actually furthers the State's asserted interest in ensuring informed consent; moreover, unlike in *Casey*, Plaintiffs will introduce testimony from Tennessee Department of Health employees showing an absence of any evidence that the Tennessee's Delay Law advances women's health. *Cf. Casey*, 744 F. Supp. 1323, 1329–34 (E.D. Pa. 1990) (listing

3

parties and witnesses). And Plaintiffs' rebuttal experts will explain that delay laws do not protect women's mental and physical health or benefit women's decision making.

Defendants' attempt to demonstrate that the Delay Law benefits women – by selectively citing excerpts of testimony given by Dr. Young during her deposition – misrepresents the factual record. Defendants claim that, before the Delay Law took effect, patients might have spent "as little as ten minutes" discussing their options, going over their medical history, and having the procedure itself. Defs. Br. at 5. However, Dr. Young testified that the patient's encounter with the *physician*, which varied from ten minutes to an hour depending on the patient's needs, medical history, and procedure she was having, took place *after* meeting with a patient educator to: i) receive extensive counseling regarding her options, decision-making process, and support system; ii) fill out the decisional assessment tool; and iii) go over in detail the written informed consent form. Dep. of Jessica Young, M.D. ("Young Dep.") 54:25–56:20. This education and counseling session lasted approximately 30 to 45 minutes, and patients typically spent anywhere from two to four hours, on average, at the clinic prior to the enactment of the Delay Law. *Id*. 54:18–55:5.[1] Most importantly, Dr. Young's testimony in this case, along with that of the other Plaintiffs, is unequivocal: prior to the Delay Requirement, any patient who was uncertain of her decision was

---

[1] Defendants also claim that Dr. Young testified that some women were "unsure of their decision" at their initial appointment and were subsequently "more confident in their decision on their second visit." Defs. Br. at 5. But what Dr. Young actually said was that some women who might have been "less confident" were subsequently "more confident." Young Dep. 165:10–17. Dr. Young further explained that, after Tennessee's Delay Law took effect, there was an increase in the number of patients scheduling day-one visits, despite being "less certain about their decision," because patients are aware of long wait times for appointments and "schedule a day-one consultation so that it gives them the option if they choose to proceed with abortion eventually." Young Dep. 172:12–173:2.

advised to take more time to consider her options, and a patient would not receive an abortion unless and until she has made a firm decision. *See* Second Am. Compl. ¶ 43, ECF No. 70.

II.     **Plaintiffs' Equal Protection Claim is Legally Cognizable.**

Defendants posit that Plaintiffs' equal protection claim is not permissible under *Casey*. Defs. Br. at 2. However, nothing in *Casey* precludes this court from addressing Plaintiffs' equal protection sex equality claim here.[2]

Defendants assert that women "experience high levels of ambivalence, uncertainty, and decisional distress, precluding effective decision-making without sufficient time." Defs. Br. at 4 (citation omitted). That argument lays bare the equal protection violation here. The Delay Law "rest[s] on outmoded and unacceptable assumptions about the decisionmaking capacity of women." *Casey*, 505 U.S. at 918 (Stevens, J., concurring in part, dissenting in part). Plaintiffs' evidence will show that the Delay Law – by requiring women seeking abortions to first receive certain state-mandated information and to then undergo a mandatory, state-imposed delay – unconstitutionally stigmatizes and offends the dignity of women, treating their healthcare decisions as less worthy of respect than the decisions of others.

---

[2] In addition, while the Eighth and Ninth Circuits have collapsed the equal protection claim and undue burden analyses, this Circuit has never adopted such an approach. Moreover, the Ninth Circuit explicitly recognized the need to carefully scrutinize "sex-based classifications" when "assessing the legitimacy of abortion regulation under the undue burden standard." *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 549 (9th Cir. 2004); *see also id.* at 548 ("*Hibbs* strongly supports plaintiffs' argument that singling out abortion in ways unrelated to the facts distinguishing abortion from other medical procedures is an unconstitutional form of discrimination on the basis of gender." (citing *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003))).

Dated: August 23, 2019

Respectfully submitted,

/s/ Jason Moff
Michael J. Dell*
Jason M. Moff*
Irene Weintraub*
Timur Tusiray*
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9113
Fax: (212) 715-8000
mdell@kramerlevin.com
jmoff@kramerlevin.com
iweintraub@kramerlevin.com
ttusiray@kramerlevin.com

Scott P. Tift
David W. Garrison
Barrett Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Tel: (615) 244-2202
Fax: (615) 252-3798
stift@barrettjohnson.com
dgarrison@barrettjohnson.com

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
Tel: (423) 928-7175
jjlaw@jesseeandjessee.com

*Attorneys for Plaintiffs*
*Admitted *pro hac vice*

Autumn Katz*
Michelle Moriarty*
Hailey Flynn*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 638-3666
akatz@reprorights.org
mmoriarty@reprorights.org
hflynn@reprorights.org

Marc Hearron*
Center for Reproductive Rights
1634 Eye Street NW Suite 600
Washington, D.C. 20006
Tel: (202) 628-0286
mhearron@reprorights.org

*Attorneys for Adams & Boyle, P.C. and Memphis Center for Reproductive Health*

Maithreyi Ratakonda*
Melissa Cohen*
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4649
Fax: (212) 247-6811
mai.ratakonda@ppfa.org
melissa.cohen@ppfa.org

*Attorneys for Plaintiff Planned Parenthood Greater Memphis Region d/b/a Planned Parenthood of Tennessee and North Mississippi*

* Admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiffs' Response to Defendants' Pretrial Brief* has been served on the following counsel of record through the Electronic Filing System on this 23rd day of August, 2019:

Steven Ashley Hart
Sue A. Sheldon
Alexander Stuart Rieger
Lindsay H. Sisco
Kathryn Baker
Matt D. Cloutier
Amber L. Seymour
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-5683
Fax: (615) 532-5683
Steve.Hart@ag.tn.gov
Sue.Sheldon@ag.tn.gov
Alex.Rieger@ag.tn.gov
Lindsay.Sisco@ag.tn.gov
Kathryn.Baker@ag.tn.gov
Matt.Cloutier@ag.tn.gov
Amber.Seymour@ag.tn.gov

      /s/ Jason Moff
      Jason M. Moff
      KRAMER LEVIN NAFTALIS & FRANKEL LLP
      *Attorney for Plaintiffs*