IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAMS & BOYLE, P.C., on behalf of itself and its patients; *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; *et al.*,<br><br>    Defendants. | CASE NO. 3:15-cv-00705<br><br>JUDGE FRIEDMAN<br><br>MAGISTRATE JUDGE FRENSLEY |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF EXPEDITED MOTION TO FILE SUPPLEMENTAL COMPLAINT**

Defendants' opposition scarcely addresses the relevant factors considered by courts in determining whether to allow supplementation. Given this Circuit's liberal policy favoring supplemental pleadings, the significant overlap of factual and legal issues here, and the lack of any prejudice to Defendants, Plaintiffs' motion should be granted.[1]

    1. <u>Supplementation Will Promote Judicial Economy</u>

Defendants acknowledge the purpose of Rule 15(d) is to promote judicial economy, Defs.' Supp. Resp. at 4, but fail to address most of Plaintiffs' arguments explaining why supplementation in this case will be far more efficient than filing an entirely new action. *See* Pls.' Suppl. Br. at 5-10. For example, Defendants do not rebut the extensive factual overlap between the record developed at trial and the allegations in the Proposed Supplemental Complaint—including evidence of the safety of abortion, the characteristics of procedural

---

[1] Indeed, Defendants do not dispute that if Plaintiffs had filed their proposed Supplemental Complaint as a separate action it would have been referred to this Court as a related case.

1

abortion, the reasons women seek abortion, its importance as an element of their healthcare, the burdens and obstacles patients face, the detrimental effects of being barred from obtaining an abortion, and the risks to women's health when access to abortion is delayed or denied altogether. *Id.* at 7-8; *see also Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) ("[w]hen a dispute is complicated and protracted, and a new complaint the likely alternative, allowing supplemental pleadings before a court already up to speed is often the most efficient course").

There is also significant legal overlap. *See Little Rock Family Planning Services v. Rutledge*, No. 4:19-cv-00449-KGB, 2020 WL 1862830 (E.D. Ark. Apr. 14, 2020) (granting expedited leave to file supplemental complaint in abortion case to include COVID-related executive order barring abortions); *W. Alabama Women's Center v. Miller*, 318 F.R.D. 143, 149-50 (M.D. Ala. 2016) (granting motion to supplement where court was familiar with "complex legal framework" and "analytic approach" necessary for undue burden analysis); *Preterm-Cleveland v. Att'y Gen. of Ohio*, No. 1:19-cv-00360, at 5 (S.D. Ohio Mar. 30, 2020) (ECF No. 43) (Pls. TRO. Br. Ex. 3) ("*Preterm-Cleveland*") (same).

Defendants contend that this case does not concern the Supreme Court's undue burden framework and must instead be decided under *Jacobson v. Massachusetts*, 197 U.S. 11 (1905). Defs.' Suppl. Resp. at 6. But that argument concerns the merits of Plaintiffs' application for a temporary restraining order ("TRO"), not whether the motion to supplement should be granted.[2] Moreover, it is incorrect; *Jacobson* does not supplant the applicable legal framework. *See* Pls.' TRO Br. at 27-30. Courts considering similar Executive Orders

---

[2] Likewise, Defendants' arguments about whether Tennessee has authority to implement emergency measures go to the merits of the supplemental complaint, not whether it should be permitted.

2

have applied the undue burden analysis in weighing those restrictions. *See Little Rock Family Planning Services v. Rutledge*, No. 4:19-cv-00449-KGB, 2020 WL 1862830, at *7-9 (E.D. Ark. April 14, 2020); *Robinson v. Marshall*, No. 2:19-cv-365, 2020 WL 1847128, at *8, 10 (M.D. Ala. Apr. 12, 2020); *S. Wind Women's Center v. Stitt*, No. CIV-20-277-G, 2020 WL 1677094, at *2-3 (W.D. Okla. Apr. 6, 2020); *Preterm-Cleveland* at 5-6; *Planned Parenthood Ctr. for Choice v. Abbott,* No. A-20-CV-323-LY, slip op. (W.D. Tex. Apr. 9, 2020), stayed by *In re: Abbott*, No. 20-50296 (5th Cir. Apr. 10, 2020), amended by No. 20-50296 (5th Cir. Apr. 13, 2020). Defendants' response to Plaintiffs' motion for TRO acknowledges that EO-25, like other abortion restrictions, including the Delay Law, must be evaluated under the undue burden framework. Defs.' TRO Resp. 14-17. Indeed, Defendants' reliance on *Casey* and *Taft* in their brief opposing the motion for TRO is virtually identical to their post-trial arguments concerning the Delay Law. *See id.* at 14-16; Defs.' Proposed Findings of Fact and Conclusions of Law (ECF No. 227) at 1, 19-22.

In short, there is no reason to consider these issues separately. Both the original and the supplemental complaint have the same "focal point" – state actions that delay or deny access to abortion in Tennessee and the impact on patients' health and lives. *See Husted*, 837 F.3d at 625. The Executive Order must be considered against the backdrop of continued, persistent efforts in Tennessee to circumvent women's constitutional right to access abortion care. *Cf. Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964) (allowing supplemental complaint involving new occurrences and events in light of the "continued, persistent efforts" by Prince Edward County to avoid racial integration of its schools). Moreover, because the burdens imposed by the Delay Law are exacerbated by the burdens imposed by the Executive Order, Plaintiffs have requested that during the pendency of the

3

Executive Order, the Delay Law's in-person counseling requirement be temporarily enjoined, to ameliorate the multiple barriers to care that patients are facing while protecting against additional community exposure to COVID-19. This Court's familiarity with the factual record and underlying legal issues will allow for a far more efficient adjudication of Plaintiffs' supplemental complaint.

2. <u>Defendants Have Not Established Supplementation Will Cause Undue Prejudice</u>

As set forth in Plaintiffs' opening brief, courts in this Circuit consider six factors to determine whether a Supplemental Complaint would unduly prejudice a defendant. *See* Pls.' Suppl. Br. at 10-11; *see also Brian A. v. Bredesen*, No. 3:00-0445, 2009 WL 4730352, at *2 (M.D. Tenn. Dec. 4, 2009) (Court should consider (1) undue delay in filing; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile). Defendants fail to rebut Plaintiffs' showing that *none* of these factors is present here.

Defendants are all representatives of the State of Tennessee and will not be unduly prejudiced if Plaintiffs move for emergency relief in this action instead of moving for the *same* relief against the *same* Defendants in a separate action. Denying this motion, however, would unduly prejudice Plaintiffs, because they would need to re-establish the trial record before a new Court. Defendants' only other argument is that they will be prejudiced because supplementation will "delay entry of a final judgment." Defs. Suppl. Resp. at 8. Not so. Trial has already occurred, both parties have submitted post-trial findings of fact and conclusions of law, and this Court may enter a partial final judgment as to the Delay Law at any point. *See* Fed. R. Civ. P. 54(b).

4

Case 3:15-cv-00705   Document 242   Filed 04/16/20   Page 4 of 9 PageID #: 6121

The addition of two additional proposed Plaintiffs will not prejudice Defendants, as they are also Tennessee abortion providers who share substantially the same interests as the original Plaintiffs.[3] Similarly, the two additional State defendants will be represented by the same counsel as the other Defendants and share substantially the same interests in this matter, which Defendants do not dispute. *See Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017) (supplementation may include new parties, claims, and defenses).

Other Courts have permitted supplementation under similar circumstances. *See, e.g. Stewart v. Shelby Tissue,* 189 F.R.D. 357, 362-63 (W.D. Tenn. 1999); *FieldTurf USA, Inc. v. Astroturf, LLC*, No. 2:10-CV-12492, 2018 WL 5961422, at *3-5 (E.D. Mich. Mar. 12, 2018); *Keith v. Volpe,* 858 F.2d 467, 474-76 (9th Cir. 1988).[4] Here, there is no final judgment and this Court retains jurisdiction; the request for relief includes an injunction of the Delay Law; and if a final decision is rendered in Plaintiffs' favor on the Delay Law, the Executive Order would contravene the result by imposing an even longer delay.

## CONCLUSION

For the reasons set forth above, the Court should grant this motion on an expedited basis and permit the Providers to file the proposed Supplemental Complaint.

---

[3] In fact, one proposed Plaintiff, Dr. Kimberly Looney, is the Chief Medical Officer of current Plaintiff Planned Parenthood of Tennessee and North Mississippi.

[4] The cases cited by Defendants are inapposite. *See* Defs.' Opp. at 6-7; *Carlton v. Baird,* 72 F. App'x 367, 368–69 (6th Cir. 2003) (affirming the denial of a motion to *amend*, not a motion to supplement); *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (reversing grant of motion to supplement where there was a final judgment four years prior and the court did not retain jurisdiction); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1211, 1229 (11th Cir. 2008) (denying motion to supplement where plaintiffs knew facts underlying motion for "at least eleven months"); *Sai v. Transp. Sec. Admin.,* 155 F. Supp. 3d 1, 7–8 (D.D.C. 2016) (denying motion to supplement denial of FOIA complaint because the request was "cursory" and "cryptic" and did not promote efficiency).

Dated: April 16, 2020

                Respectfully submitted,

                */s/ Thomas H. Castelli*
                Thomas H. Castelli (No. 24849)
                American Civil Liberties Union
                Foundation of Tennessee
                P.O. Box 120160
                Nashville, TN 37212
                Tel: (615) 320-7142
                tcastelli@aclu-tn.org

                *Attorney for Plaintiffs*

                Scott P. Tift
                David W. Garrison
                BARRETT JOHNSTON MARTIN &
                GARRISON, LLC
                Bank of America Plaza
                414 Union Street, Suite 900
                Nashville, TN 37219
                Tel: (615) 244-2202
                Fax: (615) 252-3798
                stift@barrettjohnson.com
                dgarrison@barrettjohnson.com

                Thomas C. Jessee
                Jessee & Jessee
                P.O. Box 997
                Johnson City, TN 37605
                Tel: (423) 928-7175
                jjlaw@jesseeandjessee.com

                Michael J. Dell*
                Jason M. Moff*
                Irene Weintraub*
                Timur Tusiray*
                Catherine Hoge*
                Kramer Levin Naftalis & Frankel LLP
                1177 Avenue of the Americas
                New York, NY 10036
                Tel: 212-715-9129
                Tel: 212-715-9113
                mdell@kramerlevin.com
                jmoff@kramerlevin.com

iweintraub@kramerlevin.com
ttusiray@kramerlevin.com
choge@kramerlevin.com

*Attorneys for Plaintiffs Adams & Boyle, P.C., Memphis Center for Reproductive Health, and Planned Parenthood of Tennessee and North Mississippi*

Autumn Katz*
Genevieve Scott**
Michelle Moriarty*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
akatz@reprorights.org
gscott@reprorights.org
mmoriarty@reprorights.org

*Attorneys for Plaintiffs Adams & Boyle, P.C. and Memphis Center for Reproductive Health*

Maithreyi Ratakonda*
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4405
Fax: (212) 247-6811
mai.ratakonda@ppfa.org

*Attorney for Plaintiffs Planned Parenthood of Tennessee and North Mississippi and Dr. Kimberly Looney*

Julia Kaye**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2633
jkaye@aclu.org

*Attorney for Plaintiff Knoxville Center for Reproductive Health*

7

*Admitted *pro hac vice*
**Application for admission *pro hac vice* pending

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Reply Memorandum of Law in Further Support of Expedited Motion to File Supplemental Complaint* has been served on the following counsel of record through the Electronic Filing System on this 16th day of April, 2020:

**Alexander Stuart Rieger**
**Steven Ashley Hart**
**Sue A. Sheldon**
**Lindsay Sisco**
**Matt Cloutier**
**Amber Seymour**
**Kathryn Baker**

Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207
(615) 741-2408
Fax: (615) 532-5683
alex.rieger@ag.tn.gov
steve.hart@ag.tn.gov
sue.sheldon@ag.tn.gov
lindsay.sisco@ag.tn.gov
matt.cloutier@ag.tn.gov
amber.seymour@ag.tn.gov
kathryn.baker@ag.tn.gov

                                        */s/ Thomas H. Castelli*
                                        Thomas H. Castelli

9

Case 3:15-cv-00705   Document 242   Filed 04/16/20   Page 9 of 9 PageID #: 6126