IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRISTOL REGIONAL WOMEN'S CENTER, P.C., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Docket No. 3:15-cv-00705<br>) Judge Friedman / Frensley |
| HERBERT H. SLATERY III, et al., | )<br>)<br>) |
| Defendants. | ) |

## MOTION FOR A STAY PENDING APPEAL

Under Federal Rule of Civil Procedure 62(d), Defendants Herbert H. Slatery III; Lisa Piercey, M.D.; W. Reeves Johnson, Jr., M.D.; Glenn R. Funk; Amy Weirich; Barry P. Staubus; and Charme Allen, in their official capacities, move this Court to stay its October 14, 2020 permanent injunction pending appeal. (*See* D.E. 275, 276). Pursuant to Local Rule 7.01, Plaintiffs have been consulted and object to this motion.

A court must consider four factors to decide whether to stay an injunction pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Thompson v. Dewine*, 959 F.3d 804, 807 (6th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Here, all four factors favor a stay.

First, Defendants are likely to succeed on appeal. Tennessee's waiting-period law does not violate the constitutional right to abortion. States may regulate abortion to further their legitimate interests, including protecting maternal health and the lives of unborn children. *Planned*

*Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 871-76 (1992) (joint opinion of O'Connor, Kennedy, and Souter, JJ.). To that end, Tennessee and other States across the country have enacted waiting-period laws. These laws ensure that prospective abortion patients have time to weigh their options, consider alternatives to abortion, and make a fully informed decision. *See id.* at 872-73.

Recognizing these important interests, federal courts have consistently upheld waiting-period laws. *E.g.*, *Cincinnati Women's Servs., Inc. v. Taft*, 468 F.3d 361, 366, 372-74 (6th Cir. 2006); *Karlin v. Foust*, 188 F.3d 446, 486 (7th Cir. 1999) (collecting cases). Indeed, the Supreme Court upheld a waiting-period law that was nearly identical to Tennessee's even though the law made it more expensive and time-consuming to obtain abortions. *Casey*, 505 U.S. at 885-87 (joint opinion).

The permanent injunction issued in this case conflicts with this longstanding precedent. The injunction is also erroneous under the Sixth Circuit's recent decision in *EMW Women's Surgical Center, P.S.C. v. Friedlander*, --- F.3d ---, 2020 WL 6111008, at *10 (6th Cir. Oct. 16, 2020), which clarified the test for evaluating abortion regulations in light of *June Medical Services L.L.C. v. Russo*, 140 S. Ct. 2103 (2020). For these reasons, the State will likely succeed in having the injunction reversed on appeal.

The other factors also warrant a stay. *See Nken*, 556 U.S. at 434. The State will be irreparably injured absent a stay because it will be wrongfully enjoined from enforcing a duly enacted law that protects women and unborn children. *See Abbott v. Perez*, 138 S. Ct. 2305, 2324 & n.17 (2018); *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). And a stay will not injure the other parties to the proceeding: the abortion providers have been complying with Tennessee's waiting-period law for the entire pendency of this five-year litigation and there is no reason they cannot continue to comply during the appellate proceedings. Finally, the public interest favors enforcing the people of Tennessee's lawful policy choices. *See*

2

*Thompson*, 959 F.3d at 812; *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006).

## CONCLUSION

This Court should stay its October 14, 2020 permanent injunction pending resolution of the State's appeal.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ *Alexander S. Rieger*
ALEXANDER S. RIEGER (BPR #029362)
Assistant Attorney General
alex.rieger@ag.tn.gov

STEVEN A. HART (BPR #07050)
Special Counsel
steve.hart@ag.tn.gov

MATTHEW D. CLOUTIER (BPR #036710)
Assistant Attorney General
matt.cloutier@ag.tn.gov

Office of the Tennessee Attorney General
Public Interest Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-7908

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion has been served on the following counsel of record through the Electronic Filing System on this 4th day of November, 2020:

Scott P. Tift
David W. Garrison
Barrett Johnston Martin & Garrison, LLC,
Bank of America Plaza,
414 Union Street, Suite 900
Nashville, TN 37219
stift@barrettjohnson.com
dgarrison@barrettjohnson.com

Autumn Katz
Hailey Flynn
Michelle Moriarty
Marc Hearron
Genevieve Scott
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
akatz@reprorights.org
hflynn@reprorights.org
mmoriarty@reprorights.org
gscott@reprorights.org

Michael J. Dell
Jason M. Moff
Irene Weintraub
Timur Tusiray
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
mdell@kramerlevin.com
jmoff@kramerlevin.com
iweintraub@kramerlevin.com
ttusiray@kramerlevin.com

Julia Kaye
American Civil Liberties Union Foundation
125 Broad St. Floor 18
New York, NY 10004
jkaye@aclu.org

Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
jjlaw@jesseeandjessee.com

Maithreyi Ratakonda
Melissa Cohen
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
mai.ratakonda@ppfa.org
melissa.cohen@ppfa.org

Thomas H. Castelli
American Civil Liberties Union
PO Box 120160
Nashville, TN 37212
tcastelli@aclu-tn.org

Date: November 4, 2020  /s/ *Alexander S. Rieger*
ALEXANDER S. RIEGER
Assistant Attorney General