UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ADAMS & BOYLE, P.C.,[1] et al.,

    Plaintiffs,                                            Civil Action No. 3:15-CV-00705

                                                         HON. BERNARD A. FRIEDMAN

vs.

HERBERT H. SLATERY, III, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR A STAY PENDING APPEAL

Defendants have filed a motion in this matter for a stay pending appeal [docket entry 280]. Plaintiffs have responded and defendants have replied. Pursuant to M.D. Tenn. LR 78.01, the Court shall decide the motion without oral argument. For the reasons stated below, the Court shall deny the motion.

Plaintiffs in this matter challenge the constitutionality of a Tennessee statute, Tenn. Code Ann. § 39-15-202(a)-(h), that took effect on July 1, 2015. Plaintiffs summarize the challenged statute as having

> three components: (1) it requires that an abortion patient receive certain information "orally and in person" prior to her procedure; (2) it requires that the information be provided by "the attending physician who is to perform the abortion" or "the referring physician"; and (3) it delays the patient from having an abortion "until a waiting period of forty-eight (48) hours has elapsed after the attending physician or referring physician has provided the information required [by the statute]." Tenn. Code Ann. § 39-15-202(b), (d)(1).

---

[1] On June 29, 2020, the Court granted plaintiffs' unopposed motion to replace Adams & Boyle, P.C., with Bristol Regional Women's Center, P.C. [docket entry 267].

Second Am. Compl. ("SAC") ¶ 47. Plaintiffs claim that these requirements unduly burden women's access to abortion in Tennessee and thus violate the Fourteenth Amendment's Due Process and Equal Protection Clauses. They sought a declaration that the statute is unconstitutional and an injunction enjoining its enforcement.

During a four-day bench trial in September 2019, the parties presented evidence on two issues: (1) whether § 39-15-202(a)-(h) places an undue burden on the right of women to obtain a pre-viability abortion, and (2) whether the challenged statute discriminates against women on the basis of sex and gender stereotypes. The Court issued its findings of facts and conclusions of law on October 14, 2020 [docket entry 276]. In its 136-page opinion, the Court held that the forty-eight-hour delay requirement increases the risks of an otherwise safe medical procedure, heightens financial and logistical barriers to abortion access, erodes patient autonomy and the physician-patient relationship, and demeans women's decision-making capabilities, while providing no improvements to an already robust informed consent process. *See* Opinion at 122, 127. The Court further found that "[t]hese burdens are especially difficult, if not impossible, for low-income women to overcome, and the evidence clearly shows that the vast majority of women seeking abortions in Tennessee are low income." *Id.* at 122. The Court concluded that "[t]he mandatory waiting period is unconstitutional because it clearly imposes an undue burden on women's right to obtain a pre-viability abortion in Tennessee and has no countervailing benefit." *Id*. The Court thus permanently enjoined defendants from enforcing the mandatory waiting period for those seeking an abortion.[2]

---

[2] The Court, however, did not find that the requirements regarding state-mandated information and delivery of that information by a physician to constitute undue burdens on abortion access, despite finding that "these requirements serve no legitimate purpose." Opinion at 133. The Court also found it unnecessary to rule on plaintiff's equal protection claims, as it

Defendants filed the instant motion along with their notice of appeal. Courts consider the following four factors when deciding a motion to stay an injunction pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. When evaluating these factors for an alleged constitutional violation, the likelihood of success on the merits often will be the determinative factor. This is so because . . . the issues of public interest and harm to the respective parties largely depend on the constitutionality of the state action.

*Thompson v. Dewine*, 959 F.3d 804, 807 (6th Cir. 2020) (internal quotations and citations omitted). Having considered these factors in light of the extensive trial evidence and the relevant case law, the Court concludes that the requested stay would not be appropriate.

First, defendants have not made a strong showing that they are likely to succeed on the merits. Defendants argue that this Court applied the incorrect standard in finding the Tennessee statute unconstitutional. While this Court applied the test outlined in the plurality opinion in *June Med. Servs. L.L.C. v. Russo*, 140 S. Ct. 2103 (2020), a subsequently issued Sixth Circuit opinion determined that Chief Justice Roberts's concurrence is, instead, the holding of that case. *See EMW Women's Surgical Ctr. v. Friedlander*, 978 F.3d 418, 433 (6th Cir. 2020). Defendants argue that under the Roberts standard, the waiting period is constitutional. Defs.' Mot at 3-7. However, based on the facts presented at trial, the Court finds its opinion to align with the Supreme Court's opinion in *Russo*, as well as the Sixth Circuit's more recent opinion in *EMW*.

Both the plurality opinion and Chief Justice Roberts's concurrence in *Russo* define an "undue burden" as a restriction that has "the purpose or effect of presenting a substantial obstacle

---

found the statute to be "unconstitutional under the undue burden standard." *Id*. at 135.

3

to a woman seeking an abortion." *Russo*, 140 S. Ct. at 2112 (plurality opinion); *id*. at 2135 (Roberts, C.J., concurring). Similarly, both opinions emphasize that the undue burden test remains that which was established in *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 877 (1992). *See Russo*, 140 S. Ct. at 2120 (plurality opinion); *id*. at 2135 (Roberts, C.J., concurring). The main difference between the two opinions is whether a district court should weigh the benefits of an abortion restriction against its burdens. *See id*. at 2136 (Roberts, C.J., concurring). In the present case, with or without such a balancing test, the Tennessee statute constitutes a "substantial obstacle to a woman seeking an abortion" and, thus, an undue burden. As this Court stated in its opinion, "the waiting period . . . significantly delays this time sensitive medical procedure, and also makes it so time-consuming, costly, and inconvenient to obtain that the predominately low-income population seeking the service must struggle to access it, if they can access it at all." Opinion at 130.

Despite the Court's detailed factual findings regarding the statute's burdensome effect on women seeking an abortion, defendants also argue that the delay requirement in the present case should be upheld because a similar delay requirement was upheld in *Casey*. Defs.' Mot. at 6. However, as the Court emphasized,

> [t]he present case has what was lacking in *Casey*: a fully developed record that clearly shows the extent to which the mandatory waiting period places a substantial obstacle in the way of women who seek an abortion . . . . Another important difference between *Casey* and the present case concerns the number of abortion providers. When *Casey* was decided, Pennsylvania had eighty-one such providers, fully ten times as many as Tennessee has currently.

Opinion at 130. Therefore, the fact that a mandatory waiting period was found to be constitutional in *Casey* does not mean that the same finding is required in the present case.

Defendants further argue that the Court erroneously granted facial relief, as the regulation in question did not impose an undue burden "in a large fraction of the cases in which the regulation is relevant." Defs.' Mot. at 7 (quoting *EMW*, 978 F.3d at 434). This is incorrect. The Court found that "[p]laintiffs proved that the statutory waiting period burdens the majority of abortion patients with significant, and often insurmountable, logistical and financial hurdles." Opinion at 124. This burden is exacerbated for two significant and overlapping sub-populations – women who must travel long distances to seek an abortion and low-income women. *Id*. at 124-25. Specifically, the Court found that "[n]inety-six percent of Tennessee counties do not have an abortion clinic, and 63% of women live in a county without an abortion provider." *Id*. at 124. The Court further found that, based on the credible testimony of expert witnesses, 60% to 80% of women who seek an abortion in Tennessee are low-income, *see id*. at 131, which comports with the national rate of 75%. *See id*. at 125. These two sub-populations each independently constitute a majority, and thus inarguably a "large fraction," of those seeking to access abortion care.

None of the remaining three factors weighs in favor of the requested stay. As to the second factor, defendants will not be irreparably injured absent a stay, as government officials do not have any legitimate interest in enforcing unconstitutional statutes. *See Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987); *Mich. State AFL-CIO v. Johnson*, No. 16-11454, 2016 WL 6405831, at *2 (E.D. Mich. Oct. 31 2016) ("If a statute is unconstitutional, how is the State harmed by not being able to enforce it?"). Conversely, plaintiffs' actual and future patients will be irreparably injured by the issuance of a stay. In addition to the increased risks and costs imposed by the Tennessee statute's delay requirement, these patients will suffer a clear infringement of their Fourteenth Amendment rights. As the Sixth Circuit has

stated, "[w]hen constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). Likewise, "[w]hen a constitutional violation is likely . . . the public interest militates in favor of injunctive relief because it is always in the public interest to prevent violation of a party's constitutional rights." *Am. C.L. Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 649 (6th Cir. 2015) (quoting *Miller v. City of Cincinnati*, 622 F.3d 524, 540 (6th Cir. 2010)). Accordingly,

IT IS ORDERED that defendants' motion for a stay pending appeal is denied.


s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: December 14, 2020
Detroit, Michigan