UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ADAMS & BOYLE, P.C., et al.,

    Plaintiffs,                                          Civil Action No. 3:15-CV-00705

vs.                                                HON. BERNARD A. FRIEDMAN

HERBERT H. SLATERY III, et al.,

    Defendants.
_____/

## OPINION AND ORDER REQUIRING DEFENDANTS TO DISBURSE PLAINTIFFS' ATTORNEY FEES WITHOUT FURTHER DELAY

This matter is presently before the Court on the parties' joint motion for clarification. (ECF No. 309). The parties seek guidance from the Court regarding the proper procedure for disbursing $249,000 in attorney fees, which the Court awarded to plaintiffs in a November 19, 2021, order. (ECF No. 304).

The core issue before the Court is whether the award of attorney fees constitutes taxable income when counsel was retained on a pro bono basis. (ECF No. 309, PageID.6975). If yes, defendants state that they would need plaintiffs' W-9 forms prior to disbursement. (*Id.*). If no, defendants state that they would disburse the awarded fees directly to counsel, whose W-9 forms are already in defendants' possession. (*Id.*).

The Internal Revenue Code defines "gross income" as "all income from whatever source derived." 26 U.S.C. § 61(a). The Supreme Court has long held that gross income includes "[t]he discharge of an obligation by a third person" – here, the obligation to pay attorney fees – stating that such a "payment constitute[s] income to the [obligor]." *Old Colony Trust Co. v. Comm'r*, 279 U.S. 716, 729 (1929). *See also Comm'r v. Banks*, 543 U.S. 426, 433-35 (2005)

(stating that, under the anticipatory assignment of income doctrine, legal fees disbursed pursuant to a contingency fee arrangement similarly constitute taxable income to the litigant). However, no Supreme Court precedent addresses whether an award of attorney fees constitutes taxable income to the litigant where, as here, counsel was retained on a pro bono basis and, therefore, the litigant has no obligation to pay fees or costs for their representation.

The Court concludes that because counsel was representing plaintiffs pro bono, plaintiffs have no financial obligations that will be discharged by the Court's award of attorney fees. Counsel alone bore the costs of litigation. Therefore, the payment of attorney fees in this case does not constitute gross income taxable to plaintiffs and defendants do not need plaintiffs' W-9 forms prior to disbursement. Accordingly,

IT IS ORDERED that, without further delay, defendants disburse plaintiffs' attorney fees directly to plaintiffs' counsel pursuant to the Court's November 19, 2021, order.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: May 4, 2022
Detroit, Michigan